**Debra BELLAH, Plaintiff,**

v.

**George D. PATTERSON, as Director of Internal Revenue, Defendant.**

**Civ. A. No. 9698.**

United States District Court
N. D. Alabama, S. D.

June 20, 1961.

D. H. Markstein, Jr., Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., and Thomas A. Frazier, Jr., and Myrom C. Baum, Attys., Dept. of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

This cause coming on to be heard was tried by the Court without a jury. After a full and fair consideration of the evidence adduced by the parties and the written trial briefs of counsel, the Court now proceeds to make and enter the following findings of facts, conclusions of law, and judgment:

Findings of Fact

1. Plaintiff during the last three months of 1958 and the first three months of 1959 was an officer of various corporations, each of which filed their social security and withholding tax returns with the Director of Internal Revenue at Birmingham, Alabama. These corporations failed to pay to the Director at Birmingham the amount of social security and withholding tax thought by the Director to be due from such corporations. In February, 1960 this Director assessed a penalty against the plaintiff in the total amount of $7,463.77 for willful failure to pay over such tax for the last three months of 1958 and the first three months of 1959, under Section 6672 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 6672).

2. On or about November 16, 1960 the plaintiff paid to the defendant the 100% penalty claimed of her by the defendant in the amount of $28.50, for failure to pay the following:

Nashville Women's Health Club, Inc., Employer Identification No. 63–0384273,

for the first quarter of 1959 had an employee named Abraham Boykin, whose social security number is 248–42–4327, and who received taxable wages of $84 on which social security tax amounted to $2.10 and withholding tax amounted to $5.10, a total of $7.20.

Universal Slenderette, Inc. of Knoxville, Employer Identification No. 63–0377022, for the first quarter of 1959 had an employee named Frances D. Parton, whose social security number is 410–58–7046, and who received taxable wages of $300 on which social security tax amounted to $7.50 and withholding tax amounted to $13.80, a total of $21.30.

3. On or about November 17, 1960 the plaintiff filed with the defendant a claim for refund for the $28.50 penalty above described, alleging that refund was due for the following reasons:

She was not a responsible officer of either Nashville Women's Health Club, Inc. or of Universal Slenderette, Inc. of Knoxville; nor was it her duty to handle. the collection and remittance of the tax in question. She had nothing to do with the bookkeeping withholding, or remittance of the tax. She did not take any action willfully, knowingly or intentionally to defeat payment of the tax.

4. By receipted mail letter dated November 29, 1960, the defendant gave notice to the plaintiff of the disallowance in full of the plaintiff's claim for refund, and this action was timely amended thereafter.

5. The plaintiff was President of each of the two corporations above named and owned 50% of the stock of each of them. The other 50% of the stock was owned by James Drinkward, against whom the defendant has also assessed the same penalty which the defendant has assessed against the plaintiff.

6. In the division of duties between the two officers and the two stockholders of these two corporations, which was agreed between the plaintiff and the said James Drinkward, plaintiff's duties were agreed to be concerned solely with sales and personnel work of the women's health studios. The plaintiff had nothing to do with the financial management or bookkeeping of any of these corporations. The payment of the taxes here involved was handled by employees of a parent corporation known as American Health Studios, Inc. Plaintiff had nothing to do with the employment of the personnel of American Health Studios, Inc., or with the giving of any instructions to such personnel.

7. The actions of the plaintiff, or the failure of the plaintiff to take action in connection with the withholding and remittance of the taxes here involved was not willful within the meaning of Section 6672 of Internal Revenue Code.

### Conclusions of Law

1. The Court has jurisdiction of the subject matter and of the parties.

2. The jurisdictional requisites have been complied with by the plaintiff.

3. The plaintiff, Debra Bellah, did not willfully fail to collect, or truthfully account for and pay over, or willfully attempt in any manner to evade or defeat the social security and withholding tax or the payment thereof. Accordingly, the Court does not reach the question of whether plaintiff was a responsible "person" within the meaning of that term as used in Sections 6671(b) and 6672.

4. The penalty, assessed by the defendant under the provisions of 26 U.S. C.A. § 6672, 1954 Code, was erroneously assessed.

5. The plaintiff is entitled to recover the $28.50 erroneously assessed and collected by the defendant.

### Judgment

It is ordered, adjudged and decreed by the Court, that plaintiff have and recover of the defendant the sum of $28.50, with interest at 6% from November 16, 1960, together with the cost of court in this behalf expended, as provided by law for erroneous assessment by the defendant and payment by the plaintiff to the defendant of the erroneously assessed penalty.